Mark Brnovich
Attorney General
Firm State Bar No. 14000

Ann Hobart, Bar No. 019129
Michelle Kunzman. Bar No. 024134
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone   (602) 542-8347
            (602) 542-7673
Facsimile   (602) 542-7644
Ann.Hobart@azag.gov
Michelle.Kunzman@azag.gov
EmploymentLaw@azag.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Laird, | Case No:  CV-21-00211-PHX-JJT |
| Plaintiff, | **MOTION TO DISMISS COUNT FOUR AND COUNT FIVE OF THE FIRST AMENDED COMPLAINT** |
| vs. | |
| Arizona State Schools for the Deaf and Blind, an Arizona public corporation; Annette Reichman, a single woman, | |
| Defendants. | |

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants move to dismiss Count IV and Count V of the First Amended Complaint ("FAC") for lack of subject matter jurisdiction.  These counts allege, respectively, state common law claims for defamation and false light invasion of privacy against Defendant Annette Reichman, the Superintendent of Defendant Arizona State Schools for the Deaf and Blind ("ASDB").  (Dkt. 20, ¶¶ 148-69 [Count IV] & ¶¶ 170-87 [Count V].)  The Court lacks jurisdiction over these Counts because claims that a state official violated state law in carrying out her official responsibilities are claims against the State that are barred by the Eleventh Amendment, and Plaintiff has alleged no facts to suggest that Reichman

acted outside the scope of her authority as ASDB superintendent. *Pennhurst State Sch. & Hosp. v Halderman*, 465 U.S. 89, 101, 121 & n.11 (1984).

## I.     Factual and Procedural Background.

Plaintiff Sarah Laird holds a valid teaching certification from the Arizona Department of Education in the area of Standard Professional Hearing Impaired Special Education, Birth-Grade 12. (Dkt. 20, ¶ 32.) From January 2018 to February 10, 2020, ASDB employed Laird as an Early Intervention teacher in ASDB's Early Childhood Family Education Birth-3 Program. (Dkt. 20, ¶¶ 2, 33.) By statute and agreement, ASDB administers its Early Childhood Family Education program in collaboration with the Arizona Early Intervention Program ("AzEIP"). (Dkt. 20-3, at 2-3; A.R.S. § 41-2022(C) [providing that ASDB is a participating agency in the AzEIP].) At all relevant times, Reichman was (and currently is) the superintendent of ASDB. (Dkt. 20, ¶ 16.)

Laird alleges that on December 30, 2019, she "attempted to create a backup copy of [her] teacher resource files in [her] ASDB 'My Drive' folder by sending the files to [her] personal Google Drive folder." (Dkt. 20-8 at 2; *see also* Dkt. 20, ¶ 78.)[1] ASDB believes that in the process, Laird "improperly . . . accessed numerous files within the ASDB Google Drive." (Dkt. 20, ¶ 79.) On January 31, 2020, ASDB put Laird on administrative leave based on the suspected data breach. (Dkt. 20, ¶ 80.) On February 6, 2020, ASDB required Laird "to turn in her State property and instructed her to attend a meeting on February 10, 2020." (Dkt. 20, ¶ 81.) At the meeting on February 10, ASDB questioned Laird further about the suspected data breach and, thereafter, terminated her employment. (Dkt. 20, ¶¶ 82-83.)

---

[1]     Defendants recognize that that in reviewing a motion to dismiss, courts must assume that all factual allegations in the complaint are true "even if doubtful in fact." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). For the reasons discussed in Exhibit C to the FAC (Dkt. 20-4 at 2-9), however, Defendants contest Laird's explanation of what they believe was a wrongful, intentional data breach. They cite it here to provide the context for the reports to governmental agencies that are at issue in this motion. Laird's attempted justification of her conduct is not relevant to whether Reichman had the authority to make those reports.

On May 12, 2020, counsel for ASDB sent Laird's counsel a letter stating ASDB's belief that in the course of the December 31, 2019 data breach, Laird had misappropriated "'records containing personal information of over 1,500 students and employees.'" (Dkt. 20, ¶¶ 84, 87.) With this letter, ASDB demanded that Laird attest that she had destroyed and would not transfer "any and all copies of all data accessed from December 31, 2019 through January 1, 2020" and notify ASDB of any third parties to whom she had already transferred the information. (Dkt. 20-4 at 3.) ASDB requested the attestation by May 22, 2020. (Dkt. 20-4 at 3.) Laird did not provide it until June 22, 2020. (Dkt. 20-8 at 2.) By then, ASDB had reported the suspected data breach to the Phoenix Police Department, the Investigative Unit of the Arizona Department of Education, and AzEIP. (Dkt. 20, ¶¶ 95, 100, 102; Dkt. 20-4 at 3.)

In her original Complaint, Laird alleged her defamation and false light invasion of privacy claims against ASDB and Reichman. (Dkt. 1 at 18, 19.) Before filing a motion to dismiss, counsel for Defendants advised Laird's counsel that under *Pennhurst* both ASDB and Reichman had Eleventh Amendment immunity from these state-law claims in federal court. Plaintiff's counsel agreed as to ASDB but disagreed as to Reichman, on the grounds that Laird had sued her in her personal capacity, not her official capacity. Accordingly, in the FAC, Laird alleged the defamation and false light invasion of privacy counts against Reichman alone. (Dkt. 20 at 16, 18.)

**II.     The Eleventh Amendment Bars Counts IV and V of Laird's First Amended Complaint.**

It is well established that, absent a state's consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 100. Moreover, "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Id.* at 101 (quoting *Ford Motor Co. v. Dep't of Treasury,* 323 U.S. 459, 464 (1945)). Thus, where, as here, the State has not consented to litigation in federal court,

"a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Id.* at 121.

Laird does not dispute that ASDB is an agency of the State of Arizona and that, as such, it has Eleventh Amendment immunity from her state common-law claims. Rather, Laird asserts that she can make Reichman the real party in interest on these claims simply by alleging that she "acted for and on behalf of her own benefit." (*See* Dkt. 20, ¶ 8.) Laird is mistaken. For Eleventh Amendment purposes, a claim against a state official will be considered a claim against the state unless the official acted "'without any authority whatever.'" *Pennhurst*, 465 U.S. at 101, n.11 (quoting *Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 697 (1982)). Laird alleges that Reichman defamed her and placed her in a false light by reporting Laird's suspected data breach and misappropriation of the personal information of hundreds of ASDB students and staff to the Phoenix PD, the Arizona Department of Education, and AzEIP. (Dkt. 20, ¶¶ 153-55; 171-76.) But even assuming these reports could form the basis of a defamation or a false light invasion of privacy claim (which they could not), Laird has alleged no facts to suggest that Reichman acted outside the scope of her authority as ASDB Superintendent in making or authorizing such reports.

Laird cannot state a claim for false light invasion of privacy because the reports to all three governmental agencies related exclusively to the way she performed her public duties as an "AzEIP ASDB provider." *See Godbehere v. Phoenix Newspapers, Inc.,* 783 P.2d 781, 789 (Ariz. 1989) (holding that "[a] plaintiff cannot sue for false light invasion of privacy if he or she is a public official *and* the publication relates to performance of his or her public life or duties") (emphasis in original); *see also Surrell v. Brookbank*, 581 P.2d 267, 270 (Ariz. App. 1978) (holding that "[a]s far as the law of defamation is concerned, teachers are public officials") (internal quotation omitted). (Dkt. 20, ¶ 44.) Laird cannot state a claim for defamation because reporting her suspected crimes to the Phoenix PD was absolutely privileged and reporting her unprofessional and possibly criminal conduct to the Department of Education was mandatory under A.R.S. § 15-514.

*See Ledvina v Cerasani,* 146 P.3d 70, 75 (Ariz. App. 2006) (holding "putative crime victims in Arizona are entitled to absolute immunity when they complain to the police"); A.R.S. § 15-514(B-C) (mandating and immunizing from civil liability reporting to the Arizona Department of Education a certified teacher's unprofessional conduct that constituted grounds for dismissal or criminal conduct).

The report to AzEIP (the only one with which Laird alleges Reichman was personally involved [*see* Dkt. 20, ¶ 102; Dkt. 20-7]) is conditionally privileged under the common interest doctrine. The common interest privilege arises in circumstances where "'one is entitled to learn from his associates what is being done in a matter in which he has an interest in common with them.'" *Green Acres Trust v. London*, 688 P.2d 617, 625 (Ariz. 1984) (quoting Restatement (Second) of Torts § 596, Comment c). The privilege applies in contexts in which "each participant in [an] association, group or organization depends on other participants to supply relevant information." *Id.* Through the privilege, "courts facilitate the exchange of information by protecting statements about matters affecting the goals of that organization or group." *Id.* Arizona law establishes ASDB and AzEIP's common interest in providing early intervention services to qualifying children with disabilities and their families. As Laird's counsel has explained:

> It is the policy of the State of Arizona and the Arizona Early Intervention Program (AzEIP) to continuously develop and implement a statewide, comprehensive, coordinated, interagency, multidisciplinary, system for providing early intervention services which are based on research, to the extent practicable, to all children who are eligible under IDEA, Part C, and their families, including infants and toddlers with disabilities and their families. AzEIP administers the early intervention system in collaboration and agreement with the several AzEIP Participating Agencies listed in A.R.S. § 41-2022, which includes ASDB.

(Dkt. 20-3 at 2-3.) Thus by Arizona law, AzEIP had a common interest with ASDB in knowing of a data breach that potentially exposed "'sensitive and personal information'" of hundreds of their students and employees. (Dkt. 20, ¶¶ 87, 90.)

5

1    Laird will argue that by discussing "information that relates to employee
2 confidentiality" when advising AzEIP of the data breach, Reichman abused the common
3 interest privilege and exposed herself to personal liability for defamation and false light
4 invasion of privacy. (*See* Dkt. 20, ¶¶ 102; Dkt. 20-7 at 2.)  Defendants disagree.  To be
5 personally liable for her conduct, a public official like Reichman must have acted
6 "'lack[ing] delegated power.  A claim of error in the exercise of that power is therefore
7 insufficient.'" *Pennhurst*, 465 U.S. at 101, n.11 (quoting *Larson v. Domestic & Foreign*
8 *Com. Corp.,* 337 U.S. 682, 690 (1949)).  Laird has alleged no facts (nor could she) to
9 suggest that, as ASDB superintendent, Reichman lacked authority delegated from the
10 Arizona Legislature to discuss with AzEIP issues relating to providing intervention
11 services to deaf and hard of hearing pre-school children and their families.  Laird's claim
12 that Reichman may have erred in exercising that authority is not sufficient to deprive her
13 of the immunity that the Thirteenth Amendment extends to all state officials as they
14 carry out their official responsibilities.

15 **III.   Conclusion**
16    For the foregoing reasons, the Court should dismiss Count IV and Count V of the
17 First Amended Complaint for lack of subject matter jurisdiction.
18    Respectfully submitted this 15th day of April, 2021.

19                                     Mark Brnovich
                                       Attorney General
20

21                                     /s/  Ann Hobart
                                       Ann Hobart
22                                     Michelle Kunzman
                                       Assistant Attorneys General
23                                     Attorneys for Defendants

24 I certify that I electronically
   transmitted the attached document
25 to the Clerk's Office using the
   CM/ECF System for filing this
26 15th day of April, 2021, and service on:

27 Aaron T. Martin
   Martin Law & Mediation
28 P.O. Box 45023
   Phoenix, AZ 85064
   aaron@martinlawandmediation.com

```
1  COPY of the foregoing mailed this
   15th day of April, 2021, to:
2
   The Honorable John J. Tuchi
3  U.S. District Court
   Suite 525
4  401 W. Washington, SPC83
   Phoenix, AZ  85003-2161
5
   /s/      Deb Sawyer
6  #9308867
```